**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4847**

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

        v.

SHERMAN GODWIN,

                Defendant - Appellant.

Appeal from the United States District Court for the Eastern
District of North Carolina, at New Bern.  Louise W. Flanagan,
Chief District Judge.  (5:08-cr-00350-FL-1)

Submitted:  November 30, 2010      Decided:  December 28, 2010

Before WILKINSON and KING, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Vacated and remanded by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, Stephen C. Gordon,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant.   George  E.  B.  Holding,  United  States  Attorney,
Anne M. Hayes, Jennifer P. May-Parker, Assistant United States
Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Sherman Jermarr Godwin pled guilty to unlawful possession of a firearm by a convicted felon, 18 U.S.C. § 922(g)(1) (2006), and was sentenced to a term of seventy-one months imprisonment, a variance above the advisory guideline range. Godwin appeals his sentence, arguing that the district court committed significant procedural error by failing to consider an upward departure before imposing a variance sentence above the guideline range under 18 U.S.C. § 3553(a) (2006). For the reasons explained below, we vacate the sentence and remand for resentencing.

The presentence report did not identify any factor that might warrant a sentence outside the guideline range of 37-46 months and, at sentencing, both parties requested a sentence within the range. However, the district court decided to impose a variance sentence above the range for reasons that focused heavily on Godwin's criminal record and the lenient treatment he had previously received. After the sentence was imposed, Godwin's attorney stated that the sentence amounted to a departure. The district court disagreed, explaining that it had considered the guidelines and the § 3553(a) sentencing factors, but that Godwin's record and the need to protect the public required a sentence above the guideline range. Defense counsel immediately lodged an objection.

2

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range," under a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). In conducting this review, we must first ensure "that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence[.]" Id. at 51. If the sentence is free from procedural error, this court then reviews it for substantive reasonableness. Id. Because Godwin objected in the district court to the above-guideline sentence, he has preserved the issue for appeal. United States v. Lynn, 592 F.3d 572, 576 (4th Cir. 2010). Thus, if a procedural error occurred, reversal may be appropriate unless the error was harmless. Id.

Godwin relies on published authority from this court which states that, before varying from the guideline range, the sentencing court must first determine whether a departure is warranted under the guidelines and, if so, vary only if the departure is inadequate to achieve a reasonable sentence. See United States v. Moreland, 437 F.3d 424, 432 (4th Cir. 2006); see also United States v. Fancher, 513 F.3d 424, 427 n.1 (4th

3

Cir.) (citing Moreland), abrogated in part by Irizarry v. United States, 553 U.S. 708 (2008) (holding that variance does not require prior notice).  He acknowledges that a later argued but unpublished Fourth Circuit case suggests that this process may not be necessary after Gall, citing United States v. Hawes, 309 F. App'x 726, 732 n.2 (4th Cir. 2009).

The government, also citing Hawes, argues that the procedure set out in Moreland is no longer necessary because it is inconsistent with Gall.  Principally, the government relies on United States v. Evans, 526 F.3d 155 (4th Cir.), cert. denied, 129 S. Ct. 476 (2008), which held that a sentence above the guideline range may be based on either the guidelines "departure provisions" or "on other factors."  Id. at 164. Evans is distinguishable because the district court in Evans found a sentence above the range justified both as a departure (under several guideline departure provisions) and a variance under § 3553(a).

Although in this case the district court focused on Godwin's prior crimes and lenient treatment in the state courts as the primary basis for the variance, the court did not consider whether a departure under U.S. Sentencing Guidelines Manual § 4A1.3, p.s. (2008), would have been sufficient to achieve a reasonable sentence.  Because the court did not consider a departure, it avoided having to either give advance

4

notice to Godwin or continue the hearing so that he could be prepared to contest a departure. See Irizarry, 128 S. Ct. at 2203. The court also avoided having to follow the incremental departure procedure required under United States v. Cash, 983 F.2d 558, 561 (4th Cir. 1992). To this extent, Godwin was prejudiced by the court's failure to consider a departure. Because Moreland requires the district court to consider a departure before it considers a variance, the court's failure to do so constituted a significant procedural error. The government has not shown that the error was harmless.

We therefore vacate the sentence imposed by the district court and remand for resentencing. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED